O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## <u>CIVIL MINUTES – GENERAL</u>

Case No. SA CV 13-0978-DOC (ANx)                    Date:  November 25, 2013

Title: <u>AHMAD J. EKHLAS V. NCO FINANCIAL SYSTEMS, INC.</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>  Julie Barrera  </u>                          <u>  Not Present  </u>
Courtroom Clerk                             Court Reporter

ATTORNEYS PRESENT PLAINTIFFS:          ATTORNEYS FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING DEFENDANT'S
                              MOTION TO DISMISS

        Before the Court is Defendant NCO Financial System, Inc.'s ("NCO") Motion to Dismiss (Dkt. 8).  After reviewing the motion, opposition, and reply, the Court herby GRANTS the motion and DISMISSES WITHOUT PREJUDICE Plaintiff's claims against NCO.[1]

        I.        Background

        The facts alleged by Ahmad J. Ekhlas ("Plaintiff") are as follows:

        In August 2012, NCO obtained Plaintiff's TransUnion consumer report to collect a debt. *Id*. ¶ 14-15.  NCO is a debt collector.  Compl. ¶ 11.  In April 2013, Plaintiff Ahmad J. Ekhlas ("Plaintiff") discovered that NCO retrieved his TransUnion consumer report, causing Plaintiff emotional distress.  *Id*. ¶ 17-18.  Plaintiff contacted NCO to mitigate damages and settle the dispute over the alleged violations.  *Id*. ¶ 20.  The parties could not reach a settlement.  *Id*. ¶ 21.

        Plaintiff filed the instant action on June 27, 2013, for violations of the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act").  *Id*. ¶ 20.  NCO filed a Motion to Dismiss on October 1, 2013.

---

[1] The Court finds the matter appropriate for decision without oral argument.  Fed R. Civ. P. 78; L. R. 7-15.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-0978-DOC (ANx)                    Date:  November 25, 2013
                                                    Page 2

---

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss).  The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The court is not required to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

A motion to dismiss under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact."  *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).  For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  In addition, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint."  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made).  Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires."  This policy is applied with "extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-0978-DOC (ANx)                    Date:  November 25, 2013
                                                     Page 3

---

The court has a duty to interpret *pro se* pleadings liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980), *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).  As such, for the purposes of a Rule 12(b)(6) motion to dismiss, the allegations made in *pro se* complaints are held to a less stringent standard than those made in formal pleadings drafted by professional attorneys.  *See Hughes*, 449 U.S. at 9.

**III.    Discussion**

NCO moves to dismiss Plaintiff's Complaint on the grounds that Plaintiff does not state a plausible claim for violation of the FCRA, FDCPA, or the Rosenthal Act. The Court agrees.

**a.  Plaintiff's Claims under the FCRA**

Under 15 U.S.C.. § 1681b(f), "a person shall not use or obtain a consumer report" for any purpose not authorized by the FCRA.  Using such a report without permissible purpose entitles a consumer to statutory damages.  *See* 15 U.S.C. § 1681n(a)(1)(A).  Section 1681b states sets forth permissible purposes for obtaining credit information, including using the information in connection with reviewing or collecting a debt.  15 U.S.C. § 1681b(a)(3)(A); *see also Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2009); *Pyle v. First Nat. Collection Bureau*, 2012 WL 1413970, at *4 (E.D. Cal. Apr. 23, 2012).   To prove a violation of the FCRA, Plaintiff "must show that credit information was obtained for an impermissible purpose—a showing of a permissible purpose is a complete defense."  *Perretta v. Capital Acquisitions & Management Co.*, 2003 WL 21383757, at *5 (N.D. Cal. May 5, 2003) (quoting *Edge v. Professional Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999)).

In support of his FCRA claim, Plaintiff alleges only that NCO willfully and knowingly obtained Plaintiff's credit report with no permissible purpose because "Plaintiff has never had any business dealings or accounts" with NCO.  *Id*. ¶ 25.  This allegation misses the mark.  Plaintiff acknowledges that he is a "debtor," that NCO is a "debt collector," and that NCO was attempting to "collect a debt."  Compl. ¶¶  8, 11, 15.  Plaintiff need not have had any agreements or dealings with NCO, nor need Plaintiff have consented to collection.  The true question is whether defendant was a debt collector who obtained plaintiff's credit report in the course of seeking to collect a debt that plaintiff owed.  *See* 15 U.S.C. § 1681b(a)(3)(A); *Pyle v. First Nat. Collection Bureau*, 2012 WL 1413970, at *3 (E.D. Cal. Apr. 23, 2012); *Chavez v. Premier Bankcard, LLC*, 2011 WL 5417107, at *3 (E.D. Cal. Nov. 8, 2011).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-0978-DOC (ANx)                    Date:  November 25, 2013
                                                    Page 4

---

Plaintiff has not alleged any facts suggesting an impermissible purpose.  To the contrary, Plaintiff pleads facts that suggest a permissible purpose.  *See Laugenour v. Northland Group Inc.*, 2013 WL 3745727, at *2 (Jul. 15, 2013) (dismissing plaintiff's FCRA claim where complaint's factual allegations implied that defendants obtained report to collect a debt owed by plaintiff) (emphasis added).  Therefore, Plaintiff fails to properly allege a claim under the FCRA.  Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's FCRA claim.

### b. Plaintiff's Claims under the FDCPA

#### 1.     § 1692g(a)

Plaintiff alleges that NCO violated 15 U.S.C. § 1692g by failing to provide written notice of Plaintiff's right to verify his alleged debts.  Compl. ¶ 31.  This section requires a debt collector to send a consumer written notice of specific information within five days of the "initial communication" regarding the debt collection.  15 U.S.C. § 1692g(a).  This written notice must include "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt . . . the debt will be assumed to be valid by the debt collector."  *Id*.

Plaintiff's claim fails as a matter of law because "a defendant cannot violate the plain terms of [§ 1692(g)(a)] . . . without making some sort of communication with a consumer."  *See Bagramian v. Legal Recovery Law Offices, Inc.*, 2013 WL 550490, at *3 (Feb. 11, 2013).  Here, Plaintiff implies that NCO's retrieval of Plaintiff's consumer report qualified as a "communication."  Compl. ¶ 31.  However, Plaintiff fails to cite any authority that would support the expansive view that a debt collector's retrieval of a consumer report qualifies as a "communication."  *See Bagramian*, 2013 WL 550490, at *3 (C.D. Cal. Feb. 11, 2013) ("Defendant must do something more than allegedly make an inquiry into plaintiff's credit report to trigger its disclosure duties.").  Plaintiff makes no other allegation of any communication by NCO. *See Nikogosian v. Cavalry Portfolio Services, LLC*, 2012 WL 2568124 (C.D. Cal. Jul. 2, 2012) ("Some contact with plaintiff by defendant in the act of collecting a debt is necessary to trigger a claim under any of the four provisions of the FDCPA. . . .").  Therefore, Plaintiff fails to show that NCO communicated with Plaintiff and was thus obligated to provide written notice.

#### 2.     § 1692g(b)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-0978-DOC (ANx)                    Date:  November 25, 2013
                                                    Page 5

_____

      Plaintiff also alleges that NCO had a duty to verify whether plaintiff owed a legitimate debt.  However, NCO's duty to verify Plaintiff's debt does not trigger unless NCO—as part of the threshold inquiry—communicated with Plaintiff.  A debt collector's duty to verify a debt only arises "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection(a) . . . "  15 U.S.C. § 1691g(b).  As previously stated, subsection (a) mandates debt collectors to notify consumers that they have "thirty days after the receipt of the *notice*" to dispute a debt.  *Id.* § 1691g(a) (emphasis added).  The notice is only sent "five days after *the initial communication*."  *Id.* (emphasis added).

      As previously described, Plaintiff has not alleged that NCO ever communicated with Plaintiff.  Hence, NCO did not have a duty to verify Plaintiff's debt.  Further, even if Plaintiff had alleged that NCO communicated with Plaintiff—beyond conclusory recitals of the law—he fails to allege that he asked NCO to verify the debt within the thirty day period.  See *Laugenour*, 2013 WL 3745727, at *2 (Jul. 15, 2013) (court dismissed plaintiff's FDCPA claim where conclusory allegations lacked specificity).  Therefore, Plaintiff fails to show that NCO had a duty to verify Plaintiff's debt.

      Accordingly, Plaintiff's pleadings are insufficient and the Court DISMISSES WITHOUT PREJUDICE his FDCPA claims.

### c. Plaintiff's Claims under the Rosenthal Act (RFDCPA)

      Finally, Plaintiff brings claims under the Rosenthal Act.  The Rosenthal Act is California's version of the FDCPA that incorporates by reference the FDCPA's requirements.  *See Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).  In support of this claim, Plaintiff states only that NCO failed to comply with "15 U.S.C. § 1962b to 1962j."  Compl. ¶ 34.  Plaintiff offers no facts in support of these claims.  The Court has already determined that Plaintiff's other allegations are insufficient to state an FDCPA claim.  Plaintiff must do more than offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly,* 550 U.S. at 555; *see also Iqbal,* 556 U.S. at 676 (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").   Therefore, Plaintiff fails to properly allege that NCO violated the Rosenthal Act.

      Accordingly, Plaintiff's pleadings are insufficient and the Court DISMISSES WITHOUT PREJUDICE his RFDCPA claims.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 13-0978-DOC (ANx)                    Date:  November 25, 2013
                                                    Page 6

---

### IV.   Disposition

    For the foregoing reasons, the Court GRANTS Defendant's Motion and DISMISSES
WITHOUT PREJUDICE Plaintiff's Complaint.  If Plaintiff chooses to amend his complaint,
failure to cure these deficiencies will result in dismissal with prejudice.

    Plaintiff may file an Amended Complaint, if at all, on or before December 30, 2013.

    The Clerk shall serve a copy of this minute order on counsel for all parties in this action.


MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk: jcb